## BERKIHISER v. STATE.

Nos. A-11205, A-11301.   July 5, 1950.

(219 P. 2d 1020.)

**32**

Richard K. Harris and Chester A. Brewer, Bartlesville, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., and J. D. Plunkett. Co. Atty., Washington County, Bartlesville, for defendant in error.

JONES, P. J. Floyd E. Berkihiser filed his petition for habeas corpus alleging that he had been illegally restrained without trial in the county jail of Washington county for 14 months. A response was filed on behalf of the sheriff in which it was alleged that the defendant had been incarcerated a part of said time in the Eastern Oklahoma Hospital for the Insane at the request of defendant's mother and his two attorneys, and that he had not been tried at the July, 1948, term of court because his

counsel was not ready for trial and specifically requested the court not to assign said case for trial. A statement of the attorney for the defendant was attached to the response in which he agreed that the response stated the facts. Before a hearing was had on the petition, the petitioner was tried in the district court of Washington county for the offense of burglary, after a former conviction of felony, was convicted and sentenced to serve 25 years in the penitentiary and appealed.

The appeal was speedily lodged in this court and the habeas corpus action was consolidated with the appeal.

As to the contention that petitioner had been denied his right to a speedy trial, the record discloses that on January 11, 1948, petitioner was arrested for the burglary of Zale's Jewelry Store in the city of Bartlesville and confined in the county jail of Washington county; that thereafter Della M. Berkihiser, mother of the defendant, filed a verified application in the district court of Washington county in which she alleegd that she believed the defendant was insane and that medical doctors in the city of Bartlesville had told her that defendant was in need of treatment for a mental ailment and prayed the court to have the defendant committed to the Eastern Oklahoma Hospital at Vinita for the purpose of determining his sanity. In the verified application, which was also signed by the two attorneys for the applicant, appears this statement:

"She and the attorneys of record for the said Floyd E. Berkihiser do waive the right of trial for the said Floyd E. Berkihiser during January, 1948, term of this court".

Pursuant to the application filed, the district court made an order directing the sheriff of Washington county to transport Berkihiser to the Eastern Oklahoma Hos-

pital at Vinita and leave him in the care of Dr. F. M. Adams for observation and treatment. The court further directed that when in the judgment of the said Dr. Adams no necessity existed for the said Berkihiser to remain in said hospital, then the said Dr. Adams should notify the sheriff of Washington county who would return the said Floyd E. Berkihiser to the county jail of Washington county.

Berkihiser was kept at the hospital until June 17th at which time the doctors made the finding that the defendant was sane and that it was not necessary for him to receive treatment at the hospital. He was then taken back to the county jail where, being unable to make an appearance bond, he was held until his trial during the January, 1949, term of court. In November, 1948, the district judge called the attorneys for the defendant to his office and asked whether they desired a trial during the July, 1948, term of said court and the attorneys stated that they did not and would waive the right to trial during said term. Counsel for the defendant informed this court at the time of argument that they waived their right to trial during said July, 1948, term of court because they had been unable to locate a witness whose name had been furnished to them by defendant.

The record further shows that at the time the mother of the defendant and his attorneys filed the written application to have the defendant committed to the hospital for examination, his case had been regularly assigned for trial on May 8th, but because of the commitment of the petitioner to said hospital the case was stricken from the trial assignment.

This court has had occasion to discuss the question involved in many decisions, the latest of which was the case of Hembree v. Howell, 90 Okla. Cr. 371, 214 P. 2d

458. The law as set forth in the syllabus of that case reads:

"Under provisions of Oklahoma Constitution, the accused in criminal prosecution has the right to a speedy and public trial by an impartial jury of the county in which the crime is alleged to have been committed. Art. 2, secs. 6 and 20.

"The word 'speedy' as used in the constitutional provision that an accused shall have the right to a 'speedy' and public trial by an impartial jury of the county in which the crime shall have been committed, being a word of indeterminate meaning, permits legislative definition to some extent.

"Under the provisions of 22 O.S. 1941 § 812, the accused in a criminal prosecution applying for dismissal for unnecessary delay, who is incarcerated, need only show expiration of statutory time and lack of postponement on his application or with his consent. Prosecution must then show legal cause for continuing his trial over statutory time.

"There is no fixed rule for determining the question as to what is meant by the term 'unless good cause to the contrary be shown.' 22 O.S. 1941 § 812. It is a matter for judicial determination under the facts and circumstances in each particular case.

"Where defendant is on bail, the presumption is that a delay in the trial is caused by or with the consent of defendant, and the record must affirmatively show that he demanded trial or resisted continuance of the case. However, if defendant is not on bail, the law makes the demand for trial for him and the prosecution has the burden of showing that the trial delayed for some lawful cause.

"Where defendant shows that he has been incarcerated in jail for eight months, and then in state penitentiary for eleven months, for alleged safe keeping since information was filed, and no trial has been had, although two terms of court have expired, state has burden to show legal cause for the delay of the trial.

"Writ of mandamus will issue to compel district court to dismiss cause, where record discloses that more than one term has passed since filing of information and cause has not been continued on application of defendant, or with his consent."

In view of the established facts that the cause was assigned for trial on May 8th and continued at the request of counsel for petitioner, and that it was not assigned for trial in November, 1948, because counsel for petitioner advised the court that they were not ready for trial, the defendant, Berkihiser, is not entitled to have the case dismissed because he was not tried until the January, 1949, term of the court. Under the record the state has met the burden of showing legal cause for delay in the trial.

It is contended that the sentence of 25 years was excessive. Two nightwatchmen positively identified the defendant as being one of two men that they saw break the plate-glass window at the Zale's Jewelry Store and take certain items of jewelry which were located in the showcase near the broken window. A short time after the burglary was committed all of the stolen property was recovered from the place where it had been concealed in the hotel owned and operated by the defendant's mother. The defendant and Sam McGonigal were at the hotel when they were arrested by the officers. McGonigal entered a plea of guilty, but the defendant contended he was innocent and that the burglary was committed by McGonigal and one Jack Dennis.

It was admitted that the defendant had been convicted on May 2, 1937, of the crime of forgery and had served a term of one year imprisonment in the penitentiary, and that on October 19, 1939, defendant had been convicted of the crime of larceny of an automobile and

was sentenced to serve a term of 12 years imprisonment in the penitentiary. In view of the past criminal record of the accused, it is apparent that he has become a habitual and confirmed criminal and was properly charged and convicted under the habitual criminal statute. 21 O.S. 1941 § 51 et seq.. The punishment was fixed by the jury. This court does not have the power to modify a sentence unless we can conscientiously say that under all the facts and circumstances the sentence is so excessive as to shock the conscience of the court. In view of the past record of the accused and the large amount of property which was taken in the burglary (over $2,-000), we cannot say that punishment assessed was excessive. The judgment and sentence of the district court of Washington county is accordingly affirmed. The writ of habeas corpus is denied.

BRETT and POWELL, JJ., concur.