Tony James MARTINEZ, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–312.

Court of Criminal Appeals of Oklahoma.

Sept. 20, 1977.

Robert L. Doyel, Luttrell, Pendarvis & Rawlinson, Norman, for appellant.

Larry Derryberry, Atty. Gen., Ross N. Lillard, III, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Tony James Martinez, hereinafter referred to defendant, was charged in the District Court, Cleveland County, Case No. CRF–76–517, with the offense of Rape in the First Degree, in violation of 21 O.S. 1971, § 1114. He was tried by a jury, convicted and sentenced to a term of five (5) years in the State penitentiary. From the above stated judgment and sentence the defendant has perfected a timely appeal to this Court.

Briefly stated, the facts adduced at trial are as follows. On the afternoon of May 16, 1976, at approximately 2:00 p.m., Linda Sharon Corey, the prosecutrix, and her daughter Angela Corey went to Lake Thunderbird to sunbathe. While so occupied at the lakeside, two male individuals, one of whom was identified as the defendant at trial by both the prosecutrix and her daughter, approached and engaged Ms. Corey in conversation. However, shortly after arrival the defendant grabbed Ms. Corey's 6-year-old daughter Angela, and while holding a knife to her throat, threatened to do her bodily harm if Ms. Corey did not submit to their wishes. The defendant, preceded by his companion, then had sexual intercourse with the prosecutrix.

Approximately 15 minutes after the initial encounter, the assailants fled the scene after seeing a boat approaching. At this time Ms. Corey put on her clothes and, after ascertaining that her assailants were gone, left the lake area. Upon leaving, she encountered Officer Lippman of the Norman Police Department and she recounted to him the preceding events. Further, in an-

swer to his questions she denied that there had been actual penetration. After giving a description of her assailants, Ms. Corey apparently went home.

The next day Officer Looney, also of the Norman Police Department, visited her home with a "book of pictures," for possible identification. She informed Officer Looney that there had actually been penetration, but that she had initially denied it because she was embarrassed about the incident.

The defendant's first assignment of error alleges as error the refusal to dismiss this case before trial because the defendant was incarcerated for three and a half months without a preliminary hearing. In this case, it appears that an information charging the defendant with rape in the first degree was filed on June 1, 1976, and set for preliminary hearing on July 8, 1976. However, said hearing was postponed by agreement until July 29, 1976, because of the unavoidable absence of the magistrate. On July 29, 1976, because of the absence of a key witness who had been properly served with a subpoena on July 8, 1976, and admonished by Judge Alma Wilson to appear on July 29, the case was dismissed.

On July 29, 1976, a new information was filed against the defendant, and preliminary hearing was scheduled for September 9, 1976. However, once more the case was dismissed for failure of the complaining witness to appear for preliminary hearing. On September 9, 1976, the State once more refiled an information. The preliminary hearing was finally held on September 16, 1976, and the defendant was bound over for trial, which commenced on the 24th of September, 1976.

■ The law in Oklahoma concerning the State's right to refile criminal charges is very broad, as is recognized by the defendant in his brief. Title 22 O.S.1971, § 817. *Lampe v. State*, Okl.Cr., 540 P.2d 590 (1975). Also see, *State v. Robinson*, Okl.Cr., 544 P.2d 545 (1975), and *Chase v. State*, Okl.Cr., 517 P.2d 1142 (1973). In fact, in *Lampe v. State*, supra, a case very similar to the instant case, this Court ruled that the fact

that a case had been twice dismissed at preliminary hearing for lack of witnesses would not bar subsequent refiling, and such refiling would not constitute double jeopardy, denial of due process or denial of speedy trial under the facts of that case. In *Lampe v. State*, supra, the time lapsed from the date of refiling of information until the date on which the preliminary hearing was actually heard was, in fact, longer than in the instant case, and the facts do not appear to differ sufficiently to distinguish the two cases.

■ However, the defendant contends that *State v. Robinson*, supra, is applicable, and that after being dismissed twice the State should not be allowed to file again. This case is clearly distinguishable in that *State v. Robinson*, supra, was a case wherein dismissal was subsequent to the granting of a motion to suppress, whereas in the instant case there was merely the absence of a key witness.

■ Under this assignment of error, the defendant also complains that he was not afforded due process because the magistrate did not have sufficient facts before him on which to base a finding of probable cause to issue an arrest warrant upon the refiling of the information. However, the record contains insufficient information for us to review this allegation. It is a well established rule of this Court that counsel for the defendant has a duty to insure that sufficient record is provided this court to determine the issues raised. *Pierce v. State*, Okl.Cr., 495 P.2d 407 (1972). For the above reasons we find the defendant's first assignment of error to be without merit.

As his second assignment of error, the defendant asserts that it was error for the magistrate and the trial judge to overrule the defendant's motion to suppress, motion in limine and oral objections concerning in court and out of court identification of the defendant by the prosecutrix. The defendant breaks this assignment of error down into three basic propositions.

■ He first contends that the in court identification by prosecutrix should have been suppressed because it was tainted by an improper out of court identification. In *Bowen v. State*, Okl.Cr., 497 P.2d 1094 (1972), this Court cited *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), for the proposition that:

" '[C]onvictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. . . . ' " (Citation omitted)

As in *Bowen v. State*, supra, we do not find that the photographic identification procedure was so impermissibly suggestive as to render a substantial likelihood of misidentification. The prosecutrix was shown six photographs of Indian or Mexican males, none of which was singled out by police and which, in view of the previous descriptions in conjunction with the defendant's appearance at the time of the arrest, were not necessarily suggestive taken as a whole. Furthermore, the prosecutrix testified at trial that her in court identification was based upon her observation of the defendant at the scene of the crime.

■ The next proposition raised by the defendant is that it was improper to permit the prosecutrix to testify in court concerning her out of court identification of the defendant. He bases this contention primarily upon the contention that a photograph lineup is a critical stage at the prosecution and therefore the defendant had a right to representation by counsel at such time. Clearly, this proposition is without merit.

While the defendant was in custody at the time the photo lineup was held, it appears from a review of the record that at the time of said display no information had yet been filed. In *Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972), the United States Supreme Court held that when a person has not been formally charged with a criminal offense (that is to say before indictment or information) counsel is not required. The Supreme Court went on to rule in *United States v. Ash*, 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973), that there was no entitlement to counsel during a photographic lineup, where the accused is not physically present, even during a post-indictment display.

While this Court observed in *Bowen v. State*, supra, that a lineup or any pretrial exhibition of accused to a potential eyewitness is a critical stage of the criminal prosecution during which representation by counsel is important, this only referred to actual exhibition of the accused and does not apply to situations where the defendant is not physically present.

In support of this proposition, the defendant further contends that in a case of an improperly suggestive photo lineup even if the in court identification of the defendant was not "tainted," the grossly negative effect of such a lineup should preclude testimony concerning it by prosecutrix. In view of the finding by this Court that the photo lineup was proper, this contention has no merit.

■ The third proposition advanced by the defendant is that the trial court erred by permitting a police officer to testify concerning the out of court identification by the prosecutrix. In support of this proposition, the defendant cites *Towning v. State*, Okl.Cr., 521 P.2d 415 (1974), and *Hill v. State*, Okl.Cr., 500 P.2d 1075 (1972), for the proposition that any testimony concerning out of court identification should be limited to that of the identifier, testimony by third persons being relegated to rebuttal and evidentiary hearing status. However, we are of the opinion that in view of the identification by the prosecutrix and her daughter, such evidence was merely cumulative, and any error which might have been committed in this respect was merely harmless error. See, 20 O.S.1971, § 3001.

The defendant next assigns as error the trial court's failure to prohibit the testimony of a 6-year-old witness. The defendant contends that this witness was incompetent to testify. Title 12 O.S.1971, § 385, includes among those incompetent to testify, "Children under ten (10) years of age who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly." In *Harris v. State*, 97 Okl.Cr. 259, 261 P.2d 909 (1953), this Court, citing paragraphs numbers three and four of the Syllabus of *Rawls v. State*, 93 Okl.Cr. 219, 226 P.2d 984 (1951), ruled that:

" 'Under statute specifying what witnesses may testify, competency of a child is to be determined by degree of understanding that it appears to possess, and not by its age.

"There is no precise age at which children are excluded from giving evidence, but, generally, the child should appear capable of distinguishing between good and evil, and should have just appreciation of difference between right and wrong, and a proper consciousness of the punishment for false swearing.' "

A review of the record indicates that a hearing was held outside the presence of the jury to determine the competence of this witness. From the testimony of this witness during the hearing and before the jury as well, it appears that the trial court was justified in finding that she was capable of "receiving just impressions" and "relating them truly." The identification by this witness was positive and credible.

Finally, we find that there was sufficient reason for the court to find that this witness knew the difference between right and wrong or between a truth and a lie; and, it is apparent that this witness appreciated that there was a penalty for false swearing. Therefore, we find the defendant's third assignment of error to be without merit.

The defendant's fourth assignment or error is that the testimony of the prosecutrix bears upon its face an inherent evidence of improbability, is contradictory, inconsistent, and unreasonable, and is therefore insufficient since it was uncorroborated. In *Reddell v. State*, Okl.Cr., 543 P.2d 574 (1975), this Court citing *Ables v. State*, Okl.Cr., 331 P.2d 954 (1975) and *Maxwell v. State*, 78 Okl.Cr. 328, 148 P.2d 214 (1944), reiterated the proposition that:

" ' "[T]he testimony of the prosecutrix in a rape case must be clear and convincing, and where it bears upon its face inherent evidence of improbability, is contradictory, inconsistent or unreasonable, it will be held as insufficient, and under these circumstances must be corroborated to the extent of making it sufficient." ' "

However, in the instant case the testimony of the prosecutrix is not inherently improbable.

While it is true that the prosecutrix first told the police that there had been no penetration by the defendant, the fact that she subsequently came forward with the allegation of actual penetration is not necessarily improbable considering the stress of the moment and the shame that is often associated with rape. Also, her testimony concerning the rape itself, while perhaps somewhat reserved and unclear, could also be explained by the embarrassment and stress of the moment. Furthermore, her testimony concerning the identity of the assailants was sufficiently corroborated by the prosecutrix' daughter who was present at the time. Clearly, the testimony of this witness was properly given to the jury for their determination of credibility, as it was not inherently improbable, contradictory or unreasonable. Therefore, the defendant's fourth assignment of error is found to be without merit.

As his fifth assignment of error, the defendant contends that the court erred by permitting the prosecutor to examine the defendant concerning matters related to the defendant's notice of alibi. In support of this contention the defendant cites *Sterling v. State*, Okl.Cr., 514 P.2d 401 (1973), wherein the prosecutor used the defendant's notice of alibi to impeach his testimony at trial. However, this case is clearly distinguishable. This was not a situation wherein the defendant changed his story at

trial and was impeached by his earlier alibi. In the instant case the defendant put into question his location on the day of the attack on the prosecutrix by testifying that he was not present at the lake on that date.

■ The defendant further complains of the inflammatory nature of certain remarks by the prosecutor during cross-examination concerning his attendance at a "pornographic movie." However, it is sufficient here to note that while the court sustained the defendant's timely objection, there was no request by the defendant that the court admonish the jury to disregard such statements. Therefore, any error which may have occurred in these instances is not properly preserved for review.

■ The defendant's next assignment of error is that remarks by the State during closing argument were prejudicial and inflammatory. The defendant refers to remarks by the prosecutor which drew the inference that the defendant frequented "porno movies," and further that since his wife was pregnant at the time, he would be more prone to look elsewhere to satisfy sexual drives. However, we must note that the defendant failed to raise objections to these remarks during closing argument and therefore this issue is not properly preserved for review by this Court. *Luker v. State*, Okl.Cr., 552 P.2d 715 (1976).

■ The defendant's seventh assignment of error is that it was error on the part of the trial court to require the jury to deliberate until after 1:00 a. m. on Saturday morning. On numerous occasions this Court has ruled that the time of convening and recessing court is ordinarily a matter left to the sound discretion of the trial judge, and such decisions will not be overturned unless there is a clear showing of prejudice to the defendant. *Moore v. State*, Okl.Cr., 558 P.2d 1184 (1977); *Bingham v. State*, 82 Okl.Cr. 5, 165 P.2d 646 (1946).

■ First, it is important to note the chronology of the deliberation by the jury. The jury was sent to deliberate at 6:15 p. m. Friday evening. At 9:40 p. m. the jury returned to announce that they were dead-locked eleven to one. The trial judge informed the jury that at this time they had the facts clearly in their minds and it would be best to continue deliberation. The jury returned again at approximately 1:00 a. m., still deadlocked, but asked to have five or ten minutes more to try to work the matter out. The jury returned at 1:14 a. m. with a verdict of guilty.

When the jury was instructed to begin deliberation and later to return for further deliberation, the defendant failed to object, thereby failing to bring the question of possible fatigue of the jury to the attention of the court, and there is no evidence in the record to indicate anything concerning the conditions under which the jury deliberated which might work to prejudice the defendant. Furthermore, when the jury requested permission by the court to deliberate for five or ten more minutes, the defendant again failed to object. Clearly, counsel for defendant had every opportunity to preserve for the record any error which might have prejudiced the defendant. Therefore, absent a showing of prejudice to the defendant, this assignment of error is found to be without merit.

The defendant's eighth and final assignment of error is that he did not receive a fair and impartial trial, and was therefore deprived of due process of law. After a careful examination of the record and in view of our findings on the preceding assignments of error, we find that the defendant did in fact receive a fair and impartial trial. Therefore, the defendant's final assignment of error is found to be without merit.

For the above and foregoing reasons, the judgment and sentence of the court below is *AFFIRMED*.

BUSSEY, P. J., concurs.