**Nolen Albert LINAM, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–77–64.**

Court of Criminal Appeals of Oklahoma.

Sept. 26, 1977.

Clarke L. Randall, Appellate Public Defender, Tulsa County, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Jerry Earl Benson, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Nolen Albert Linam, hereinafter referred to as defendant, was charged in the District Court, Tulsa County, Case No. CRF–76–1070, with the crime of Burglary of an Auto, in violation of 21 O.S. 1971, § 1435. He was convicted by the jury and sentenced to two (2) years in the State penitentiary. From said judgment and sentence a timely appeal has been perfected to this Court.

The State's first witness was William Donald Evans, an attorney. He testified that on April 25, 1976, he returned to his office in downtown Tulsa at about 6:30 or 7:00 in the evening. He parked his 1968 Ford pickup on the street and, although he did not lock it, the windows were rolled up. He left a pipe threader, State's Exhibit No. 1, under the seat of the truck. Furthermore, this witness denied giving the defendant permission to enter his truck at any time.

Ronald Clay Miller, the State's second witness, was also in downtown Tulsa on the evening of April 25, 1976. This witness, an acquaintance of the defendant, observed the defendant in a 1968 Ford pickup at the intersection of 5th and Main Streets and then saw him get out of the truck holding an item identified as State's Exhibit No. 1, a pipe threader. The defendant upon seeing Miller approached his car and asked if the witness wanted to purchase the pipe threader. Miller declined the offer and soon thereafter flagged down a passing patrol car, and informed the officers about the incident.

James Earl Kennemer, Jr., next testified that he was a Tulsa police officer on the date in question, and that while patroling the downtown area he was flagged down by Miller. Armed with the information supplied by Miller, Officer Kennemer apprehended the defendant and recovered from him State's Exhibit No. 1, which defendant attempted to hide as Officer Kennemer approached.

At this point the State rested.

Lou Ellen Webb, defendant's sister, was the first witness called by the defense. Concerning defendant's mental history, she testified that he had been committed to Eastern State Hospital for approximately two years on one occasion, and for seven years on another occasion. Characterizing his behavior as bizarre, she testified that he had been committed in part because of various suicide attempts and incoherent conversations. In the opinion of this witness, the defendant lacked mental capacity to think beyond the moment.

Also speaking to the notion of defendant's mental capacity, was Ray Graham, manager of the Cheyenne Arms Apartments where defendant resided. Concerning defendant's behavior in and around the apartment complex, Graham described him as an incompetent person susceptible to complete personality changes. He testified that he believed the defendant was unable to understand the nature and consequences of his actions, citing defendant's inability to handle his financial affairs, and his apparent inability to relate to others through social intercourse.

As his first assignment of error, the defendant alleges that the trial court erred in its failure to grant a continuance based upon a material variance between the information and the evidence. Specifically, the defendant maintains prejudice arising from a material variance between the preliminary information filed in the case and the evidence presented at trial.

According to the preliminary information, the alleged crime was committed on the 28th day of April, 1976, while the evidence brought forth at trial places the date at April 25, 1976.

Once a prosecutor becomes cognizant of the variance between the date to be proved and the date alleged, he should immediately notify the trial court and the defendant. Apparently this is exactly what happened in this case for prior to the opening statement, the State was allowed to amend the information to reflect the correct date. If the precise date is material to the defense the defendant would then be entitled to continuance for a reasonable length of time. Here, although a continuance was requested, no indication was given by the defendant that his defense was an alibi or that the precise date of the offense was in any way material. See, *State v. Holloway,* Okl.Cr., 516 P.2d 1346 (1973). A motion for continuance is addressed to the sound discretion of the trial court and will not be disturbed on appeal unless the ruling was arbitrary or capricious. See, *Grimes v. State,* Okl.Cr., 377 P.2d 847 (1963). In the instant case we find nothing indicative of an arbitrary or capricious ruling. For the above reasons we find this assignment of error to be without merit.

As defendant's second and final assignment of error, he asserts that the State went far beyond that which is permissible or even necessary in its closing argument in an attempt to arouse the passion and prejudice of the jurors. With this we cannot agree. The comments complained of are as follows. First, the defendant apparently objects to the fact that the prosecutor made a recommendation to the jury of a five year sentence. Defendant objects and reasons that this recommendation does not constitute a permissible comment on the evidence or an inference to be drawn therefrom. Furthermore, the defendant claims error by the State when the prosecutor remarked that his recommendation was based "on his knowledge of the case and [defendant]." In support of this proposition the defendant refers to *Dupree v. State,* Okl.Cr., 514 P.2d 425 (1973), and *Ray v. State,* Okl.Cr., 510 P.2d 1395 (1973).

In the instant case, the State's closing argument is clearly distinguishable from the remarks referred to in *Dupree v. State* and *Ray v. State, supra.* In *Dupree* the record reflects that the Assistant District Attorney repeatedly stated that the defendant and his common-law wife were liars. In *Ray,* the prosecuting attorney stated, "These people lied . . . you could see what kind of people they are, by the way they dress. To my knowledge they didn't say one word that should be believed; not one."

This Court has held on numerous occasions that the right of argument contemplates liberal freedom of speech and counsel for both sides have the right to discuss fully from their standpoints the evidence and the inferences and the deductions arising therefrom. It is only when argument by counsel for the State is grossly improper on some point which may have affected the defendant's rights that reversal can be based thereon. See, *Noble v. State,* Okl.Cr., 497 P.2d 452 (1972). We have closely examined the closing argument of both the prosecutor and the defense counsel, in light of the issues raised in this assignment, and are unable to find that the defendant has been prejudiced in this regard. Further, when the defendant objected to the prosecutor's remarks the objection was sustained and the jury admonished. An admonishment to the jury usually cures an error unless it is of such a nature that it appears to have determined the verdict. *Kitchens v. State,* Okl.Cr., 513 P.2d 1300 (1973). Considering the weight of the evidence establishing the defendant's guilt, we certainly cannot say that the prosecutor's remarks influenced the jury to return a verdict of guilty against him. In addition, we note that although the prosecutor asked for a five year sentence the jury imposed a sentence of two years. Therefore, we hold this assignment of error to be without merit.

After considering the record as a whole, we do not find that the defendant has been deprived of any substantial right, but that the issues were fairly presented to the jury and defendant received a fair and impartial trial. The sentence and judgment appealed from is, accordingly, *AFFIRMED.*

BUSSEY, P. J., and BRETT, J., concur.