**Andrew Cheparney CAMP, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–82–358.**

Court of Criminal Appeals of Oklahoma.

May 24, 1983.

As Corrected May 26, 1983.

Thomas J. Ray, Jr., Asst. Public Defender, Oklahoma County, for appellant.

Jan Eric Cartwright, Atty. Gen., Robert C. Smith, Jr., Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

Appellant Andrew Cheparney Camp was convicted of Burglary in the Second Degree and of Pointing a Firearm at Another, After Former Conviction of Two or More Felonies. 21 O.S.1981, §§ 1435, 1289.16 and 51(B). Appellant burglarized a residence and threatened the owner with a handgun. He had been convicted of nine felonies in the 14 years preceding trial. The prosecutor recommended 999-year sentences. The jury set punishment at 700 years imprisonment on each crime, and the judge ordered that the sentences run consecutively.

This appeal involves several challenges to the punishment stage of the bifurcated trial. Appellant first contends that the trial court erred in permitting the introduction of eight of the nine prior judgments and sentences in that they contained indirect references to the State's pardon and parole system. Six of the instruments reflect sentences of "7 years with the last 4 years to be suspended for good behavior", while the other two indicate sentences of 20 years imposed some four and a half years prior to trial.

The introduction or refusal of evidence is a matter for the exercise of discretion by the trial court. *Haury v. State,* 533 P.2d 991 (Okl.Cr.1975). The judgment and sentence is a proper part of the proof of a former felony conviction. *Honeycutt v. State,* 432 P.2d 124 (Okl.Cr.1967). The danger of prejudice did not substantially outweigh the probative value of the evidence.

12 O.S.1981, § 2463. Appellant suggests that portions of the instruments should have been excised by the trial court, but no such request was made by appellant at trial.

He further contends that the court erred in denying various motions for mistrial. One such motion was directed at the prosecutor's statement in closing argument that appellant had twice used a handgun in the commission of crime, when in fact only one such incident was proven at trial. However, the court sustained appellant's objection and admonished the jury, and the remark was not of such character as to have determined the verdict. *Linam v. State,* 569 P.2d 1006 (Okl.Cr.1977).

The other motion was prompted by questions posed by the jury after they commenced deliberations:

1. What was the reason for the district attory (sic) asking for 999 years?
2. Does a convicted felon have to serve a percentage of his term before he is eligible for parole?

 * * * * * *

3. Can the jury set a specific period of time with the stipulation of no perole? (sic)

The judge gave the following response: I cannot answer any of these questions. I would say, however, that you are not to consider pardon and parole for any purpose in arriving at your verdict.

Whether or not motions for mistrial shall be granted is a matter for the discretion of the trial court. *Hutchens v. District Court of Pottawatomie County,* 423 P.2d 474 (Okl.Cr.1967). In view of the judge's response, we find no error.

Appellant contends that the prosecutor improperly referred to the pardon and parole system when he urged that the jury "warehouse" appellant, and when he stated that appellant would "laugh" at the jury should the minimum punishment be given. He argues similar error with regard to the prosecutor's sentence recommendation. The test for such assertions of error is whether in light of the totality of closing argument the prosecutor made such an unmistakable reference to the pardon and parole system as to prejudice the accused. *Richardson v. State,* 600 P.2d 361 (Okl.Cr. 1979). Applying this test, we find that appellant's argument is without foundation.

Appellant's final proposition of error is that the sentence is excessive, and violates the cruel and unusual punishment prohibition. The sentences, though severe, are substantially less than the recommendation of the prosecutor, and were undoubtedly a reaction to appellant's record of nine prior felony convictions. The sentences were within the statutory limits since the habitual offender provision sets no maximum. *Fields v. State,* 501 P.2d 1390 (Okl. Cr.1972). Sentence beyond the normal life span are not for that reason excessive since they are for all practical purposes life sentences. *Callins v. State,* 500 P.2d 1333 (Okl. Cr.1972). This proposition of error is not well taken.

The judgment and sentence is AFFIRMED.

BUSSEY, P.J., and BRETT, J., concur.