**Donald Ray MAXWELL, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–86–321.**

Court of Criminal Appeals of Oklahoma.

May 24, 1989.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., P. Kay Floyd, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

LANE, Judge:

Donald Ray Maxwell, Appellant, was tried by jury for the crime of Attempted Kidnapping After Former Conviction of Two or More Felonies in violation of 21 O.S.1981, § 42 in Case No. CRF–85–299 in the District Court of Muskogee County. The jury returned a verdict of guilty and set punishment at life imprisonment. The trial court sentenced Appellant in accordance with the jury's verdict. From this judgment and sentence he appeals.

On the evening of February 13, 1985, Sherry Frye walked a few blocks from her home to use the pay phone outside the Muskogee telephone company. She saw Donald Ray Maxwell, Appellant, standing beside her as she completed her call. When she started to walk home, Appellant grabbed her by the collar and began to force her to go behind the telephone company office building with him. When Frye screamed, Appellant slapped her and took a handgun out of his coat pocket. Frye then broke free and Appellant fled.

At the time he committed this offense, Appellant had six (6) prior felony convictions. He had been convicted of First Degree Rape in 1984 and Larceny of Merchandise From a Retailer in 1981. In 1978, Appellant was convicted of Knowingly Concealing Stolen Property, Second Degree Burglary, Burglary of an Automobile and Burglary of a Motor Vehicle.

■ Appellant asserts the trial court should have declared a mistrial when the state's witness, Detective Norman Grayson, testified Frye had identified Appellant at the police station on the night of the crime. Appellant did not object to this testimony at trial. By failing to object, Appellant has waived review by this Court for all but fundamental error. *See Aycox v. State*, 702 P.2d 1057 (Okl.Cr.1985).

■ Testimony that an extra-judicial identification was made may be admissible, but it is limited to the identifier. Such testimony by third persons present at the time of the identification constitutes error, but not necessarily reversible error. *See, e.g., Maple v. State*, 662 P.2d 315 (Okl.Cr. 1983). Appellant relies on *Aycox* in asserting that the admission of Grayson's testimony constitutes reversible error. We disagree.

■ In *Aycox*, the victim failed to identify Aycox at trial. The only identification testimony linking Aycox to the crime was a police officer's statement that the victim had made an extrajudicial identification. 702 P.2d at 1058. In the instant case Frye and an eyewitness identified Appellant in Court prior to Grayson's testimony. Frye also testified to the extra-judicial identification she had made on the night of the crime. While Grayson's testimony should

not have been admitted, we find his testimony was merely cumulative and does not constitute fundamental error. *See Martinez v. State*, 569 P.2d 497 (Okl.Cr.1977). The trial court properly exercised its discretion by not declaring a mistrial in this case.

■■■ Appellant next claims he was denied effective assistance of counsel. As evidence he cites defense counsel's failure to object to Grayson's testimony. Appellate review of an ineffective assistance of counsel claim begins with a presumption of competence. Appellant then must carry the burden of demonstrating both a deficient performance and resulting prejudice. *State v. Johnson*, 765 P.2d 1226 (Okl.Cr. 1988). Having found the admission of Grayson's testimony to be harmless error, we find defense counsel's failure to object to it does not constitute ineffective assistance of counsel.

■ Appellant argues that his sentence of life imprisonment is excessive and disproportionate to his crime in violation of the eighth amendment's prohibition against cruel and unusual punishment. In support of this argument, Appellant asserts the United States Supreme Court decision in *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) requires us to perform an extensive proportionality review of his sentence.

In *Solem*, defendant Helm was sentenced under the South Dakota recidivist statute to life imprisonment without the possibility of parole for uttering a "no-account" $100.00 check after six prior felony convictions. Each of Helm's prior felony convictions were for property crimes which the Court characterized as relatively minor. 463 U.S. at 297, 103 S.Ct. at 3013. In declaring Helm's sentence of life imprisonment without possibility of parole unconstitutional, the *Solem* court held for the first time that a noncapital sentence was disproportionate. The Court analyzed Helm's sentence using three "objective factors": (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for the same crime in other jurisdictions. 463

U.S. at 292, 103 S.Ct. at 3010–3011. Appellant urges this Court to adopt the *Solem* test as our standard of review in determining whether a sentence is excessive. We find, however, that *Solem* is not controlling in the instant case.

Of particular significance to the instant appeal, the *Solem* court expressly stated it was not overturning its earlier decision in *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) which upheld a mandatory life sentence with possibility of parole imposed under the Texas recidivist statute against Rummel whose third felony conviction was for obtaining $120.75 by false pretenses. The *Solem* court distinguished at great length the Texas system which provided Rummel the probability of parole and the South Dakota system which provided Helm only the remote possibility of executive clemency. 463 U.S. at 297 and 300–03, 103 S.Ct. at 3013 and 3014–3016.

Therefore, as *Solem* does not overrule *Rummel*, we find *Solem* requires an extensive proportionality analysis only in those cases involving life sentences without the possibility of parole. The Fourth Circuit Court of Appeals reached a similar conclusion in *United States v. Rhodes*, 779 F.2d 1019 (4th Cir.1985), *cert. denied*, 476 U.S. 1182, 106 S.Ct. 2916, 91 L.Ed.2d 545 (1986).

■ Our review of the constitutionality of Appellant's sentence is guided by well established principles. We must grant substantial deference to the legislature's determination of sentencing limits, and we must not substitute our judgment for that of the sentencing court as to the appropriateness of a particular sentence. *Solem v. Helm*, 463 U.S. at 277 and 290 n. 16, 103 S.Ct. at 3003 and 3009–3010 n. 16. We have consistently expressed these principles by stating that when a sentence is within statutory limits, it will not be modified unless, after a review of all the facts and circumstances, the sentence is so excessive that it shocks the conscience of this Court. *See, e.g., Whittmore v. State*, 742 P.2d 1154 (Okl.Cr.1987); *Berkihiser v. State*, 219 P.2d 1020, 92 Okl.Cr. 31 (1950).

In the instant case, Appellant was sentenced under 21 O.S.1981, § 51, the Oklahoma recidivist statute. The minimum sentence which could have been imposed was twenty (20) years imprisonment. As this statute does not set a maximum, the life sentence which the jury and trial court decided was appropriate in this case is within statutory limits. *Camp v. State*, 664 P.2d 1052 (Okl.Cr.1983).

In light of the fact that attempted kidnapping is a violent crime, and Appellant's criminal record of six (6) prior felony convictions includes the commission of violent crime, we cannot say Appellant's sentence shocks the conscience of the Court. We conclude Appellant's sentence, which is within statutory limits, and which does not shock the conscience of this Court, is constitutional and should be affirmed.

Finding no error to require reversal or to justify a modification, the judgment and sentence is AFFIRMED.

BRETT, P.J., and BUSSEY and LUMPKIN, JJ., concur.

PARKS, V.P.J., concurring in result.

PARKS, Vice Presiding Judge, concurring in result:

While I agree that appellant's life sentence for attempted kidnapping after former conviction of two or more felonies is not disproportionate under the current eighth amendment analysis set forth in *Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 3010, 77 L.Ed.2d 637 (1983), I cannot agree with the majority that *"Solem* requires an extensive proportionality analysis only in those cases involving life sentences without the possibility of parole." *Majority*, at 820. Such a position is clearly at odds with the following language in *Solem:*

There is no basis for the State's assertion that the general principle of proportionality does not apply to felony prison sentences ...It would be anomalous indeed if the lesser punishment of a fine and the greater punishment of death were both subject to proportionality analysis, but the intermediate punishment of imprisonment were not ...The common-law prin-

ciple incorporated into the Eighth Amendment clearly applied to prison terms ...[O]ur prior cases have recognized explicitly that prison sentences are subject to proportionality analysis....

\*     \*     \*     \*     \*     \*

[W]e hold as a matter of principle that a criminal sentence must be proportionate to the crime for which the defendant has been convicted ...[N]o penalty is *per se* constitutional. As the Court noted in *Robinson v. California*, 370 U.S., [660] at 667, 82 S.Ct., [1417] at 1420, [8 L.Ed.2d 758 (1962)] a single day in prison may be unconstitutional in some circumstances.

*Solem*, 463 U.S. at 288–290, 103 S.Ct. 3009–3010 (footnotes omitted) (citations omitted) (emphasis in original). Finally, I would point out that we recently recognized the continued validity of *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), in *Johnson v. State*, 764 P.2d 197, 201 (Okla.Crim.App.1988), where we held that a punishment of forty (40) years imprisonment for conviction of possession of a controlled dangerous substance, after former conviction of eight felonies, was not disproportionate under the Eighth Amendment.