**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 25 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

DONALD RAY MAXWELL,

    Petitioner-Appellant,

v.

RITA MAXWELL, Warden;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

    Respondents-Appellees.

No. 98-7094
(E.D. Okla.)
(D.Ct. No. 96-CV-544-P)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.
_____

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Donald Ray Maxwell, a *pro se* state inmate, appeals the district court's decision dismissing his 28 U.S.C. § 2254 petition. The district court also denied Mr. Maxwell's request for a certificate of appealability. We grant Mr. Maxwell's motion to proceed *in forma pauperis*,[1] deny his request for a certificate of appealability, and dismiss his appeal.

A jury convicted Mr. Maxwell for "attempted kidnaping, after former conviction of a felony" in violation of Okla. Stat. tit. 21, § 51 and sentenced him to life in prison. The Oklahoma Court of Criminal Appeals affirmed his conviction on direct appeal. *Maxwell v. State*, 775 P.2d 818, 821 (Okla. Crim. App. 1989). The state district court denied Mr. Maxwell's subsequent request for post-conviction relief on grounds he procedurally defaulted his claims by failing to raise them on direct appeal. The Oklahoma Court of Criminal Appeals affirmed the state district court's post-conviction decision.

In his § 2254 petition, Mr. Maxwell raised the same issues he raised in his state post-conviction pleadings. He asserted:

---

[1] Giving Mr. Maxwell the benefit of the doubt as to his inability to pay, we believe his appeal meets the appropriate standard; he has established his good faith by presenting some issues that, when construed liberally, are not plainly frivolous. *See Ellis v. United States*, 356 U.S. 674, 674-75 (1958).

(1)  the trial court provided a jury instruction which incorrectly states the maximum and minimum sentence for his crime;

(2)  the trial court improperly enhanced his present sentence with prior convictions obtained as a result of involuntary and uniformed pleas of guilty;

(3)  his attorney erred in failing to advise him of his right to appeal enhancement of his sentence based on his prior void convictions;

(4)  the trial court lost jurisdiction over the recidivist charge because his counsel pled guilty to the recidivist charge on the five prior felony convictions, making the plea guilty void since Mr. Maxwell himself did not personally and orally enter it; and

(5)  newly discovered evidence establishes he received ineffective assistance of counsel because his attorney failed "to subject the prosecution's case to a meaningful adversarial testing".

In support of his ineffective assistance of counsel claim, Mr. Maxwell says his attorney:  (a) failed to enter a guilty plea without investigating the factual and legal issues surrounding his former felony convictions; (b) did not object to the government's failure to establish the validity of his former convictions; (c) entered a plea of guilty to the recidivist charge without his knowledge or participation; (d) failed to challenge the use of his prior involuntary and uninformed guilty pleas on the convictions used to enhance his present sentence; and (e) advised him not to testify at trial, stating his former felony conviction would be used against him, without requesting a motion in limine to suppress consideration of the former convictions.

The district court referred the matter to a magistrate judge who dismissed Mr. Maxwell's petition. As to the prior convictions used to enhance his sentence, the magistrate judge determined Mr. Maxwell made only conclusory claims concerning their invalidity and provided no documentation in support thereof. After reviewing Mr. Maxwell's claims of ineffective assistance of counsel, the magistrate judge found he failed to demonstrate his trial or appellate counsel's performance fell below the standards of deficient performance or prejudice articulated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to all of his claims, the magistrate judge concluded Mr. Maxwell failed to showing cause and prejudice for procedural default of those claims in state court or that a fundamental miscarriage of justice might occur absent review of the defaulted claims.

On appeal, Mr. Maxwell raises the same issues presented to and addressed by the district court. Mr. Maxwell claims the district court incorrectly decided the facts and applicable law concerning these issues when he dismissed his petition. We review *de novo* both the legal bases for the district court's dismissal of Mr. Maxwell's § 2254 petition*, see Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir.), *cert. denied*, 119 S. Ct. 378 (1998), and Mr. Maxwell's ineffective assistance of counsel claims. *United States v. Prows*, 118 F.3d 686, 691 (10th

Cir. 1997).

## I. Jury Instruction

The Oklahoma recidivist statute under which the jury convicted Mr. Maxwell states every person convicted of two felony offenses who, within ten years following the completion of the execution of such sentences, commits another felony shall be punished by imprisonment of not less than twenty years. Okla. Stat. tit. 21, § 51(B). Accordingly, the state trial court instructed the jury "to fix punishment ... at some term of imprisonment which shall be not less than twenty years nor more than life."

Mr. Maxwell contends the state trial court committed a fundamental error in using this jury instruction because it conflicts with Okla. Stat. tit. 21, § 42 which states that a person who *attempts* but does not commit a crime can be imprisoned only for one half of the longest term of imprisonment allowed for the underlying crime. Because the maximum term for kidnaping under Okla. Stat. tit. 21, § 741, absent any prior conviction, is zero to ten years, Mr. Maxwell reasons the maximum sentence for his *attempted* kidnaping charge should only be one half the maximum sentence or five years, and not life in prison.

We begin by noting Mr. Maxwell procedurally defaulted these claims by failing to raise them before the state court on direct appeal. Where state remedies are no longer available because of state procedural default, we look to see if Mr. Maxwell can demonstrate either cause or prejudice for the default, or that a fundamental miscarriage of justice will occur if the claims are not considered. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Our review of the record shows Mr. Maxwell has not met the requisite "cause and prejudice" or "miscarriage of justice" standards necessary to overcome his procedural default. First, Mr. Maxwell has not shown any reason for his default of this claim. Secondly, Mr. Maxwell fails to demonstrate how the jury instruction used at trial prejudiced him since his prior felony convictions clearly prevented him from being sentenced under the other, more lenient statutes for kidnaping or attempted kidnaping, and clearly precipitated his conviction under the recidivist statute. Finally, he fails to demonstrate that a miscarriage of justice will occur absent review of his claim.

## II. Guilty Pleas to Prior Convictions

The record clearly establishes that prior to the kidnaping charge, Mr. Maxwell retained five prior felony convictions, including second degree burglary, burglary of a motor vehicle, larceny of merchandise from a retailer, and burglary

-6-

of an automobile. Mr. Maxwell asserts the state trial court improperly enhanced his present sentence using these prior convictions because his guilty pleas to them were involuntary and uninformed.

A review of the certified copies of the judgments on the five prior convictions establishes Mr. Maxwell pled guilty to the crimes charged. They also contain standard language stating the court advised Mr. Maxwell of his right to trial by jury and the legal consequences concerning his plea, and that he pled guilty of his own free will and accord. Our record does not include the transcript of the hearings at which Mr. Maxwell proffered his guilty pleas.

Under Oklahoma law, a certified copy of a judgment and sentence constitutes *prima facie* evidence of a prior conviction for enhancement purposes. *Mansfield v. Champion*, 992 F.2d 1098, 1105 (10th Cir. 1993) (citing *Welliver v. State*, 620 P.2d 438, 440 (Okla. Crim. App. 1980); *Conner v. State*, 518 P.2d 1271, 1272 (Okla. Crim. App. 1974)). The burden then shifts to Mr. Maxwell to produce evidence to rebut the *prima facie* case. *Mansfield*, 992 F.2d at 1105. Here, the state met its initial burden of establishing the prior convictions by submitting evidence of the judgments, but Mr. Maxwell fails to show these judgments are in any way invalid. While guilty pleas are presumed invalid when

under direct attack, such a presumption is inappropriate in a collateral attack because it collides with the "'deeply rooted ... "presumption of regularity" that attaches to final judgments, even when the question is waiver of constitutional rights.'" *Id.* at 1105 (quoting *Parke v. Raley*, 506 U.S. 20, 29 (1992)). Thus, in this case where the present sentence is under collateral attack, there is no presumption that Mr. Maxwell's prior guilty pleas are invalid for the purpose of enhancing his sentence. Because Mr. Maxwell failed to provide evidence showing the invalidity of those guilty pleas, he fails to demonstrate prejudice resulting from the state trial court's use of those convictions for the purpose of enhancing his sentence under the recidivist charge.

III. Ineffective Assistance of Counsel On Right to Appeal Prior Convictions

Although Mr. Maxwell filed a direct appeal of his conviction and sentence, he suggests he did not directly appeal the enhancement of his sentence because his attorney failed to advise him of his right to appeal that issue. In order for Mr. Maxwell to succeed on his ineffective assistance of counsel claim, he must show (a) his attorney's performance was deficient, *i.e.*, that it fell below "an objective standard of reasonableness," and (b) that the deficient performance prejudiced his defense such that, but for the error, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687-88, 694. In reviewing the performance of

counsel, "[a]n attorney has no absolute duty in every case to advise a defendant of his limited right to appeal after a guilty plea." *Laycock v. New Mexico*, 880 F.2d 1184, 1187-88 (10th Cir. 1989)). Even when a direct appeal is taken, an attorney is not required to raise every nonfrivolous issue, but instead, engages in effective advocacy by weeding out weak claims which might detract attention from stronger issues. *See United States v. Cook*, 45 F.3d 388, 394-95 (10th Cir. 1995).

In this case, Mr. Maxwell's mere allegation that his counsel failed to notify him of his right to appeal the validity of his prior convictions does not, in and of itself, establish ineffective assistance warranting habeas relief. *See Laycock*, 880 F.2d 1188. Given Mr. Maxwell's failure to establish the invalidity of his prior convictions, we find he fails to show any deficiency of his attorney's performance in not advising him to appeal a weak, if not frivolous, claim challenging his apparently valid prior convictions.

IV.  Personal Plea to Recidivist Charge

Mr. Maxwell complains that after the jury convicted him for attempted kidnaping, his counsel pled guilty to a recidivist charge on the five prior felony convictions. He asserts this plea guilty is void since he did not personally and

orally enter it, as required by Okla. Stat. tit. 22, § 516.[2]  A review of the record establishes a jury convicted and sentenced Mr. Maxwell on the recidivist charge, so it is illogical to assume any later admission of guilt by his attorney to the prior convictions prejudiced him.  Thus, Mr. Maxwell has not shown prejudice necessary to overcome procedural default of this claim in state court.

## V.  Remaining Ineffective Assistance of Counsel Claims

In support of his remaining ineffective assistance of counsel claims, Mr. Maxwell contends newly discovered evidence establishes his attorney failed "to subject the prosecution's case to a meaningful adversarial testing."  He complains his attorney entered a guilty plea to the recidivist charge without investigating the factual and legal issues surrounding his former felony convictions.  However, based on our conclusion that the jury had already convicted Mr. Maxwell of the recidivist charge prior to his counsel's alleged guilty plea, Mr. Maxwell has not demonstrated how his attorney's failure to investigate prior to his alleged admission of guilt prejudiced his defense.  For the same reasons, Mr. Maxwell fails to demonstrate prejudice resulting from his attorney's plea of guilty to the

---

[2] Okla. Stat. tit. 22, § 516 states:  "A plea of guilty can in no case be put in, except by the defendant himself, in open court, unless upon an indictment or information against a corporation, in which case it can be put in by counsel."

recidivist charge without his knowledge or participation.

Similarly, Mr. Maxwell complains his attorney did not object to the government's failure to establish the validity of his former convictions. The record does not indicate whether the state offered copies of the certified judgments as proof of the prior convictions at trial. Nevertheless, a review of the certified copies of the judgments in the record before us establishes a presumption of their validity. Thus, Mr. Maxwell has failed to show how his attorney's failure to object to their validity at trial is deficient or that it ultimately prejudiced him. For the same reason, we reject Mr. Maxwell's assertion that his attorney was ineffective for failing to challenge enhancement of his sentence based on his prior guilty pleas.

Finally, Mr. Maxwell complains his attorney advised him not to testify at trial, stating his former felony convictions would be used against him, without requesting a motion in limine to suppress consideration of the former convictions. Mr. Maxwell has not shown how his failure to testify or his counsel's failure to obtain a motion in limine prejudiced his defense, especially in light of the fact he clearly retained five prior convictions which could be used to enhance his sentence. In sum, Mr. Maxwell fails to show his attorney's performance was

deficient or that the deficient performance prejudiced his defense. *Strickland*,

466 U.S. at 687.

In order to obtain a certificate of appealability, Mr. Maxwell must make a

"substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2); *Lennox v. Evans*, 87 F.3d 431, 434 (10th Cir. 1996), *overruled on*

*other grounds by United States v. Kunzman*, 123 F.3d 1363, 1364 n.2 (10th Cir.),

and *cert. denied*, 519 U.S. 1081 (1997). He has failed to do so.

For these reasons, we grant Mr. Maxwell's motion to proceed *in forma*

*pauperis*, deny his request for a certificate of appealability, and **DISMISS** his

appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge