**Lee H. BRUTON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–73–339.**

Court of Criminal Appeals of Oklahoma.

April 24, 1974.

Max D. Watkins, Muskogee, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., Stan Chatman, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Lee H. Bruton, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court, Comanche County, Case No. CRF–72–662, for the offense of Unlawful Delivery and Distribution of Heroin; he was sentenced to serve a term of ten (10) years imprisonment and pay a fine of Five Thousand ($5,000.00) Dollars. From said judgment and sentence a timely appeal has been perfected to this Court.

Simply stated, the facts are that on July 15, 1972, the defendant was at that time enlisted in the Army, stationed at Fort Sill, Oklahoma. At around 9:00 p. m., in the Spot Lounge, a local bar in Lawton, Oklahoma, the defendant was approached by Gary Allen Lawrence, a special agent of the C.I.D. Command of the United States Army. The sale took place in the restroom of said Spot Lounge, at which time Special Agent Lawrence purchased .05 grams of what was later determined to be heroin. The defendant did not deny the transaction took place.

For his first proposition of error, the defendant urges that he was prejudiced by the fact that the trial court admitted testimony as to other offenses for which the defendant was not on trial. We would direct counsel for the defense to the trial transcript at page 94 where he inquires, on direct examination, as to whether the defendant had been arrested, charged, or convicted of a felony, or whether he had ever sold narcotics. The defendant answered in the negative to this area of inquiry. This area of inquiry being opened on direct examination, it was well within the discretionary scope of cross-examination for the State to inquire about an alleged arrest for possession of 1000 amphetamine tablets. The State, in its cross-examination, should be able to direct its questions to areas which reasonably tend to explain, contradict, or discredit any testimony given by a witness in his testimony in chief, or which tend to test the witness' ac-

curacy, memory, character, veracity or credibility. See Leeper v. United States, 10 Cir., 446 F.2d 281, cert. denied 404 U.S. 1021, 92 S.Ct. 695, 30 L.Ed.2d 671 (1971). Thus, we feel that the question was invited by the defense counsel himself so that after thus opening the door on direct, he cannot be heard to complain about what comes in through such door. See Kennedy v. State, Okl.Cr., 400 P.2d 461 (1965). We, therefore, find this proposition to be without merit.

 Defendant's second proposition deals with his Motion for Change of Venue. We would only cite counsel to 22 O.S. 1971, § 561, wherein is provided that a change of venue must be supported by affidavits of at least three credible persons of that county. The defendant failed to comply with the statutory requirement of supporting affidavits, so the trial judge was well within the scope of his discretion to deny said motion. See Sam v. State, Okl.Cr., 510 P.2d 978 (1973).

Further, we observe that the defendant failed to designate the voir dire proceedings in the record so that we cannot discuss the defendant's further claim that the judge should have ordered a change of venue on his own motion after an outburst of one venireman that he had had enough "drug cases," and therefore could not sit on any such case.

As his next proposition of error, the defendant urges that the trial court abused its discretion in allowing a State's witness to remain in the courtroom during the examination of the defendant's expert witness since "the Rule" had been invoked. We find no "discrediting" effect upon the defendant's witness as urged by the defendant. This was within the discretion of the trial judge and thus, in the absence of extreme abuse, we will not overturn the trial court's decision on the matter. See Haggy v. State, Okl.Cr., 509 P.2d 936 (1973). Thus, for the foregoing reason, we feel that the defendant's third proposition is without merit.

Lastly, the defendant urges that the punishment was excessive and that if the judgment is affirmed, the sentence should be reduced. The punishment given to the defendant was within the limits set by the statutes, and therefore, was not excessive.

For the foregoing reasons, the judgment and sentence appealed from is affirmed.

BLISS, P. J., and BRETT, J., concur.