**Michael Leroy COLEMAN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–78–571.**

Court of Criminal Appeals of Oklahoma.

Sept. 13, 1979.

**352**

Stanley D. Monroe, Appellate Public Defender, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., David W. Lee, Asst. Atty. Gen., Timothy S. Frets, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Michael Leroy Coleman, hereinafter referred to as the defendant was charged, tried and convicted in the District Court, Tulsa County, Case No. CRF-77-2054, for the offense of Shooting With Intent to Kill, in violation of 21 O.S.Supp.1977, § 652, After Former Conviction of a Felony. His punishment was fixed at life imprisonment and from said judgment and sentence, an appeal has been perfected to this Court.

The State's evidence established that on the evening of July 23, 1977, the victim, Katheryn Moore, was visiting on the porch of her apartment in Tulsa, with a neighbor, Jerry Jackson. Defendant, who was a casual acquaintance of Ms. Moore approached and stated that he wanted to talk to her. They walked into the yard where the defendant stated "they said that you are the one that told the white folks on me." [Tr. 16]. The defendant produced a gun and inquired if she saw it. Ms. Moore grabbed at the gun and defendant shot her in the left thigh, she ran toward the apartment and was struck in the hand by one of several other shots fired by the defendant. Jerry Jackson, in addition to corroborating the testimony of Ms. Moore, testified that she had seen defendant beating loudly on Ms. Moore's apartment door the previous evening.

The defendant testified that he met Ms. Moore in May of 1977. He described their relationship as "mixed business and social." [Tr. 51]. He denied knocking on her door on July 22, and shooting her the following night. He testified that he was in Dallas on the evenings in question. He admitted prior convictions for uttering a forged instrument, assault with intent to commit murder with malice, attempted armed robbery and two offenses of robbery with firearms.

■ Defendant asserts in the first assignment of error that the verdict is not supported by the evidence in that the State failed to prove the specific intent to kill. Defendant argues that the State's evidence taken in its best light merely proves a lesser included offense of shooting with intent to injure. We are of the opinion that this assignment of error is wholly without merit. Ms. Moore and Ms. Jackson testified that the defendant without provocation produced a gun and shot Ms. Moore in the thigh. He continued to fire three or four additional shots at her as she was fleeing. If the defendant had intended to merely injure her, he had already accomplished his objective after the first shot and it would have been unnecessary to fire the additional shots as she was fleeing. An instruction as to the lesser included offense of shooting with intent to injure was submitted to the jury who saw fit to find the defendant guilty of the higher offense. There is clearly sufficient evidence to support the verdict of the jury. We have repeatedly held that under such circumstances this Court will not interfere with the verdict in that it is the exclusive province of the jury to weigh the evidence and determine the facts. See *Fox v. State*, Okl.Cr., 556 P.2d 1281 (1976), *Potter v. State*, Okl.Cr., 507 P.2d 1282 (1973) and *Leroy v. State*, Okl.Cr., 503 P.2d 249 (1972).

■ Defendant urges in the second assignment of error that the prosecuting attorney's cross-examination of defendant was improper and constituted reversible error. Careful review of the trial transcript discloses that no objection was taken to the questions propounded by the State nor were exceptions taken to the ruling of the trial court and this issue is not properly preserved for review on appeal. Moreover, most of the questions to which counsel now

alludes were directed toward matters elicited on direct examination or related to defendant's prior convictions, which the jury could properly consider in determining the defendant's credibility. We have repeatedly held that when a defendant voluntarily takes the witness stand in his own defense, the prosecuting attorney has the right to cross-examine him with the same latitude as any other witness. *Watson v. State*, Okl.Cr., 382 P.2d 449 (1963), *Gable v. State*, Okl.Cr., 424 P.2d 433 (1967) and *Zackery v. State*, Okl.Cr., 572 P.2d 580 (1977).

This second assignment of error is not properly preserved and is wholly without merit.

■ Defendant contends in his final assignment of error that the punishment is excessive. Considering the nature of the offense and the violent nature of four of the defendant's prior felony convictions, we cannot find that the punishment imposed is so excessive as to shock the conscience of this Court.

The judgment and sentence is accordingly *AFFIRMED*.

CORNISH, P. J., and BRETT, concur.