**Jerrold Don JONES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–84–434.**

Court of Criminal Appeals of Oklahoma.

May 12, 1986.

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

### OPINION

BUSSEY, Judge:

The appellant, Jerrold Don Jones, was convicted by a jury in the District Court of Tulsa County, Case No. CRF–83–1658, of Robbery with a Firearm and sentenced to five (5) years imprisonment, and he appeals.

On May 9, 1983, Officer Beck, a Tulsa police officer, received a call on his radio to investigate an armed robbery that had just occurred at a convenience store at 903 North Yale. The police radio bulletin described the robber as a black male wearing a brown coat, dark pants, and black pointed shoes, and stated that he left on foot and was northbound. Approximately three minutes after receiving the call, the officer drove down a residential street about 400–500 yards north of the scene of the robbery, and observed appellant knocking on doors in the neighborhood. He further observed that appellant, a black male, was wearing dark pants and black pointed shoes. At that point, the officer stopped his patrol car and approached appellant, noticed that he was intoxicated, and arrested him for public intoxication. He then proceeded to the scene of the robbery and one of the attendants identified appellant as the robber. Subsequently, Officer Beck and another officer drove to a nearby culvert and found a white car in the ditch and recovered a brown jacket, a yellow rubber glove, a stocking with a knot tied in it, and a piece of flat metal from inside the car.

Appellant was then taken to the police station where an administrative search was conducted, and several items were found in appellant's possession including $160.00 in cash and receipts with "Git-N-Go" embossed on them. At trial, appellant denied that he committed the robbery.

In his sole assignment of error, appellant contends that the evidence used at trial, including the victim's identification of the appellant and the Git-N-Go receipts in the appellant's possession, should have been suppressed because the appellant was arrested without probable cause.

■ Initially, we note that appellant failed to object at trial to any of the testimony concerning the items found in his possession, and also failed to object to the introduction of State's Exhibit No. 1 which is an official inventory list enumerating the items in appellant's possession when he was searched at the county jail. Therefore, appellant failed to properly preserve this matter for appellate review. *Smith v. State*, 644 P.2d 106 (Okl.Cr.1982).

■ Moreover, we find that none of appellant's constitutional rights have been abridged. A police officer may stop and question a person if there is a reasonable suspicion to believe that the person is wanted for past criminal conduct. *Lunsford v. State*, 652 P.2d 1243 (Okl.Cr.1982). In the instant case, the officer based his decision to stop on two facts: 1) appellant was observed on foot 400–500 yards north of the Git-N-Go approximately three minutes after the robbery; and 2) appellant, a black male, was wearing dark pants and black pointed shoes.

Viewing these facts objectively, it is clear that the officer had at least a reasonable suspicion that appellant committed the armed robbery. Consequently, the stop and subsequent arrest for public intoxication were valid. Therefore, all of the evidence obtained as a result of the search at the police station was properly admitted at trial. This assignment of error is without merit.

Accordingly, for the above and foregoing reasons, the judgment and sentence is **AFFIRMED.**

BRETT, J., Specially concurs.

PARKS, P.J., concurs in results.

BRETT, Judge: Specially Concurring.

While I concur in this decision, I believe the full statement made in *Lundsford v. State*, supra, should be repeated. At page 1344, the decision states:

> It must be further recognized that a police officer may stop and question a person if there is *reasonable suspicion* to believe the person is wanted for past criminal conduct. See, *United States v. Cortez*, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981). The officer must be "able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968). The U.S. Supreme Court further stated in *Terry v. Ohio*, supra, that "[t]his demand for specificity

in the information upon which police action is predicated is the central teaching of this Court's Fourth Amendment jurisprudence." See also, *Sowell v. State*, 620 P.2d 429 (Okl.Cr.App.1980).