Terrie L. MINTER, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F-85-302.

Court of Criminal Appeals of Oklahoma.

June 3, 1988.

Robert H. Henry, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Wellon B. Poe, Legal Intern, Oklahoma City, for appellant.

Terry J. Hull, Asst. Appellate Public Defender, Norman, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Terrie L. Minter, was charged, tried, and convicted in the District Court of Texas County for the crime of Unlawful Delivery of Marijuana and was sentenced to two (2) years imprisonment. From this judgment and sentence, she appeals.

On the morning of June 3, 1984, David Ray Carver visited with Bill Person, Chief of Police in Hooker, Oklahoma, and offered his services as an informant to assist in apprehending a number of local drug dealers. Later that evening, after being searched and given $55.00 by Chief Person, Carver traveled to the appellant's home to attempt to buy marijuana and other drugs. Person and Officer Hill of the Hooker Police Department monitored the transaction outside of the appellant's home. Finding the appellant and her boyfriend, Dale Brandner, at home, Carver entered the trailer house and asked the appellant if she had any cocaine or other drugs. After she stated that she did not use cocaine any more, Carver asked about some marijuana. The appellant asked how much he needed, a price was agreed upon and then she pulled out two bags of marijuana from underneath the couch. Brandner then weighed an amount, placed it in a bag and handed it to the appellant, who in turn handed it to Carver in return for $50.00.

Having been in the appellant's home less than half an hour, Carver exited the house around 10:00 p.m. He walked down the alley, took off his hat, which was the prearranged signal for having completed a successful buy, then proceeded to the Cath-

olic Church down the block where he was to later meet Hill. After receiving the signal, Hill radioed Person who then proceeded to the appellant's residence. Following a confrontation with several people in the appellant's yard, Person went to the back door of the trailer and was let in by Brandner. He immediately placed both the appellant and her boyfriend under arrest and read them their *Miranda* rights. The appellant was then asked to sign a search waiver. At first she agreed, then said no, and then later relented after Person stated he would go get a search warrant.

When asked who had just left her home, the appellant stated that it was David Carver. She was then asked the location of the money that had been given her. Person testified that the appellant stated that when she heard the commotion outside and saw him coming up to the trailer, she attempted to burn the money but couldn't, and flushed it and approximately one pound of marijuana down the toilet stool before he entered. As a result of the search, a small amount of what appeared to be marijuana was found in the commode, as well as a pair of scales and some marijuana rolling papers. After the appellant's arrest, officers met with Carver at the designated church site and obtained the bag of marijuana from him. The next morning, Person submitted the bag to the sheriff for testing. After verifying that it was marijuana, the bag was placed in the evidence locker and locked in a metal cabinet at the Hooker Police Department.

■ In her first assignment of error, the appellant contends that the trial court erred in admitting State's exhibits Nos. 1 (bag of marijuana) and No. 2 (the envelope in which the marijuana had been sealed) into evidence without presenting a sufficient chain of custody to insure that they had not been tampered with or altered. At the outset, it should be noted that the appellant failed to object to Exhibit No. 2 when offered into evidence. This Court has repeatedly held that by failing to object to an article of evidence when offered or solicited, the defendant waives any alleged error. *Brewer v. State*, 718 P.2d 354 (Okl.

Cr.1986). Therefore any alleged error caused by the introduction of the envelope into evidence has been waived.

In determining whether the State established a sufficient chain of custody this Court has stated that:

> The purpose of the chain-of-custody rule is to ensure that the physical evidence against the accused has not been tampered with or altered. *Contu v. State*, 533 P.2d 1000 (Okl.Cr.1975). However, this burden does not require that all possibility of alteration, however slight, must be negated by the party offering the evidence. *Trantham v. State*, 508 P.2d 1104 (Okl.Cr.1973). There must be sufficient evidence of the chain of custody to reduce the mere speculation that tampering occurred. *Contu v. State*, supra.

*Nelson v. State*, 687 P.2d 744, 746 (Okl.Cr. 1984).

The rule is well established that:

> [T]he party offering demonstrative evidence must show to the satisfaction of the trial court that the circumstances of its custody provide reasonable certainty that there has been no alteration or tampering with the evidence. However, this burden is not so strict that all possibility of alteration, no matter how slight, must be negated by the party offering such evidence.
>
> . . . .
>
> Where there is any speculation that tampering or commingling could have occurred it is proper to admit the evidence and let what doubt there may be go to the weight rather than render the evidence completely inadmissible.

*Blades v. State*, 619 P.2d 875, 880 (Okl.Cr. 1979) *cert. denied*, 449 U.S. 845, 101 S.Ct. 179, 66 L.Ed.2d 54 (1980).

■ In the present case, testimony established the requisite chain of custody. David Carver stated that on June 3, 1984, he received the bag of marijuana from the appellant and later that evening gave it to Officer Hill. Subsequently, Hill gave the bag to Bill Person. Person testified that the bag had been in his possession from the evening of June 3, 1984, when he received

it, until the morning of June 4, 1984, when it was placed in the evidence locker at the Hooker Police Department. The bag was placed in the locker on June 4th after a field test had been performed by the Sheriff, Robert Bauer. Testimony further revealed that the bag was in the possession of Mr. Person even while the field test was occurring. Larry Young at the Hooker Police Department further stated that on September 18, 1984, he removed the envelope containing the marijuana and prepared it to be shipped to the O.S.B.I. lab and returned it to the evidence locker. The envelope was removed again on September 19 and shipped to the O.S.B.I., who received it on September 24, 1984. The facts reveal that a sufficient chain of custody was established and there was only mere speculation that the evidence was tampered with or altered. Where there is any speculation that any tampering with the evidence occurred, and the circumstances establish a reasonable certainty that the integrity of the evidence was maintained, it is proper for the trial court to admit the evidence and let any doubt go to the weight of such evidence. *Selfridge v. State*, 723 P.2d 986 (Okl.Cr.1986). The trial court properly concluded that sufficient evidence was presented from which the trial court could and did conclude that the evidence was substantially the same as when it was confiscated. This assignment is without merit.

 Next the appellant alleges that the evidence obtained as a result of her arrest and subsequent search of her home was improperly obtained and admitted. The evidence questioned by the appellant concerns the statements made about the trace of marijuana found in the toilet and statements made by her as to flushing the money and the marijuana. We note that the appellant failed to object, prior to or during the trial, to the offering of any of the evidence obtained as a result of her arrest. Her failure to object to the admission of evidence at trial waives any alleged error. *Jones v. State*, 718 P.2d 712 (Okl.Cr.1986). This assignment is meritless.

The judgment and sentence is AFFIRMED.