**Stanley Dean PENNY, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–86–132.**

Court of Criminal Appeals of Oklahoma.

Dec. 6, 1988.

David Autry, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Stanley Dean Penny, appellant, was tried by jury and convicted of Driving Under the Influence of Intoxicating Liquor, Subsequent Offense (47 O.S.Supp.1984, § 11–902), in Case No. CRF–84–430, in the District Court of Carter County, the Honorable Thomas S. Walker, District Judge, presiding. The jury assessed punishment at imprisonment for five (5) years and a fine of $2,500. Judgment and sentence was imposed in accordance with the jury's verdict, with all but the first eighteen (18) months imprisonment suspended. We affirm.

On the evening of December 15, 1984, an Ardmore, Oklahoma, police officer observed appellant driving partly on the shoulder of the road during a light rain. When appellant reached an overpass, he crossed the centerline and an oncoming vehicle pulled over to the guard rail to avoid a head-on collision. The officer turned on his overhead emergency lights. After crossing the overpass, appellant resumed driving partly on the shoulder and drove another half-mile before stopping. The arresting officer testified appellant exited the car and supported himself by leaning on the car, his breath smelled of alcohol, his speech was slurred, his eyes were bloodshot and he staggered when he walked. The officer arrested appellant and transported him to the city jail, where he voluntarily took a breathalyzer test. The test revealed appellant had a breath-alcohol content of 0.12.

Appellant testified he visited with a friend from 4:30 p.m. until he went to a Christmas party at a tavern between 7:00 p.m. and 7:30 p.m., and stayed at the party only half-an-hour. He testified he drank no alcoholic beverages while with his friend and only drank one beer at the party. Appellant ordered a second beer, filled his plate with food from the buffet, but was unable to ingest his food or second beer because his hiatus hernia prevented him from swallowing. He left the second beer on the bar, had his food wrapped and started driving to his motel. It began to rain so hard appellant could only see the white stripe marking the shoulder of the road, which he began following until he reached the overpass. To avoid hitting the bridge, he crossed the yellow center line, resumed following the shoulder stripe when he crossed the overpass, and pulled over when he reached a wider part of the shoulder to wait for the rain to stop. Appellant testified he did not see the officer's emergency lights and the officer startled him when he knocked on the window. Appellant testi-

fied he was surprised when the breathalyzer registered 0.12.

Appellant called Tommy Jackson, who testified appellant visited him from approximately 2:00 p.m. until he left for the party shortly after 7:00 p.m., and appellant did not have anything to drink during this period. The tavern operator testified she only served beer at the Christmas party, and although she did not know how many beers appellant drank at the party, he was not intoxicated when he arrived and did not stay long enough to become intoxicated.

■ For his first assignment of error, appellant asserts his conviction must be reversed with instructions to dismiss because the jury convicted him of an uncharged offense distinct from the offense alleged in the information. The State charged Appellant by information with driving while under the influence of intoxicating liquor. (O.R. at 1). The trial court instructed the jury that the elements of this offense are: (1) driving; (2) a motor vehicle; (3) on a public roadway; (4) while under the influence; (5) of intoxicating liquor. (O.R. at 23).

The trial court additionally instructed the jury on "the included offense of Driving With a Breath Alcohol Concentration of Ten-hundredths or Greater," (O.R. at 26), and defined the elements as: (1) driving; (2) a motor vehicle; (3) on a public roadway; (4) with a breath alcohol concentration of ten-hundredths (0.10); (5) resulting from a breath alcohol test being administered within two hours of the arrest of the defendant. (O.R. at 27). The jury convicted appellant under this second instruction. (O.R. at 34).

Appellant argues the second instruction on driving with a breath alcohol concentration of ten-hundredths or greater "is codified as unlawful in the same statute as Driving Under the Influence, but is an entirely separate offense with different elements, and is distinguished from Driving Under the Influence through disjunctive juxtaposition." *Brief of Appellant* at 8.

The statute under review provides "[i]t is unlawful and punishable ... for any person to drive, operate, or be in actual physical control of a motor vehicle within this state who:

1. Has a blood or breath alcohol concentration, as defined in Section 756 of this Title, of ten-hundredths (0.10) or more at the time of a test of such person's blood or breath administered within two (2) hours after the arrest of such person; *or*

· 2. Is under the influence of alcohol; *or*

3. Is under the influence of any other intoxicating substance to a degree which renders such person incapable of safely driving or operating a motor vehicle; *or*

4. Is under the combined influence of alcohol and any other intoxicating substance to a degree which renders such person incapable of safely driving or operating a motor vehicle."

47 O.S.Supp.1984, § 11–902(A)(1), (2), (3) & (4). (emphasis added). Here, the legislature added one essential element, i.e., being under the influence of an intoxicant, and by use of the disjunctive provided alternative ways of committing, and proving, this same essential element. Thus, the trial court did not apprise the jury in the second instruction of an uncharged offense distinct from the offense alleged in the information.

In the instant case, the State established by direct evidence that appellant had a breath-alcohol concentration of 0.10 or more and the test was administered within two hours of his arrest. 47 O.S.Supp.1984, § 11–902(A)(1). The State also introduced direct evidence, through the testimony of the arresting officer, that appellant was under the influence of alcohol at the time of his arrest. 47 O.S.Supp.1984, § 11–902(A)(2). Hence, the evidence adduced at trial supported the issuance of the two jury instructions. We find the trial court did not abuse its discretion by issuing the alternative instructions.

For his second assignment of error, appellant complains the trial court erred by failing to instruct the jury on the lesser included offense of driving while impaired. Parts of this trial were not recorded for appellate review, and the record is silent as

to whether appellant objected to the instructions given or requested an instruction on the lesser included offense.

■ Title 22 O.S.1981, § 916, provides: "[t]he jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense." The crime of driving while impaired, 47 O.S.1981, § 761, is a lesser included offense of driving under the influence, 47 O.S.Supp.1984, § 11–902. *Bernhardt v. State,* 719 P.2d 832, 833 (Okla. Crim.App.1986) (*overruling Bailey v. State,* 633 P.2d 1249 (Okla.Crim.App.1981)).

■ The trial court should submit the case to the jury for consideration upon every lesser included offense, *McCullough v. State,* 669 P.2d 311, 312 (Okla.Crim.App. 1983), but should instruct on the lesser included offense, whether requested or not, only if the evidence reasonably tends to support the instruction. *Langdell v. State,* 657 P.2d 162, 164 (Okla.Crim.App.1982).

■ Appellant defended on the theory that he drank only one beer from 2:00 p.m. until his arrest at 7:44 p.m., was not intoxicated at the time of his arrest, and the heavy rain caused him to drive on the shoulder of the road and to cross the centerline. Based upon the evidence adduced at trial, appellant committed either the greater offense or no offense at all. We find the evidence did not reasonably tend to support an instruction on the lesser included offense of driving while impaired. This assignment is meritless.

■ For his final assignment of error, appellant urges his sentence is excessive and should be modified to vacate the fine. The facts and circumstances of this case reveal the evidence amply supports the verdict of the jury; the record is free from error which would justify a modification or reversal; and the punishment imposed is within the statutory range. Nor does the sentence imposed shock the conscience of the Court, requiring modification of the sentence. *Wyatt v. State,* 752 P.2d 1131, 1134 (Okla.Crim.App.1988). This assignment is meritless.

Accordingly, the judgment and sentence should be, and hereby is, AFFIRMED.

BRETT, P.J., concurs.

BUSSEY, J., concurs in result.